IN THE COURT OF COMMON PLEAS
RICHLAND COUNTY, OHIO

Ashley Mathews
P.O. Box 1681
Mansfield, Ohio 44901

And

Shane Mathews
P.O. Box 1681
Mansfield, Ohio 44901

    Plaintiffs,

V.

Officer Michael L. Garn
In both his official and personal capacities,
Mansfield Police Department
30 North Diamond Street
Mansfield, Ohio 44902

And

City of Mansfield, Ohio
30 North Diamond Street
Mansfield, Ohio 44902

    Defendants.

Case No.

COMPLAINT

JURY DEMAND ENDORSED HEREON

1

## INTRODCUTION

1. Ashley Mathews, Plaintiff, seeks damages and other appropriate relief under the Federal Civil Rights Act, as well as State law against the individual Defendants, Mansfield Police officer Michael Garn, as well as the City of Mansfield, in connection with the unlawful restraint, abduction, menacing, and assault and battery, on or about May 2, 2014, and other subsequent dates. Shane Mathews, Plaintiff, is the spouse of Ashley and the have been married to each other for nine years. Shane Mathews seeks damages under State law for intentional and/or negligent infliction of emotional distress.

2. This civil rights and State law action challenges the treatment of a mentally disabled person, Ashley Mathews by Mansfield Police Officer Michael Garn, on May 2, 2014 and therafter. Ashley was a customer at local store in Richland County, Ohio, and without any adequate investigation, Officer Garn arrested and placed Ashley into custody. Upon her release from incarceration, Officer Garn while both on and off duty, with the assistance of the Ohio Law Enforcement Gateway, continuously without consent, invaded into the private lives of both Ashley and Shane. These invasions included but not limited to: forcing Ashley to perform sexual acts on Officer Garn while he was on duty, transmitting hundreds upon hundreds of texting messages to Ashley, belittling and berating Shane, and threatening Ashley with the taking of her liberty interest.

## PARTIES

3. Ashley Mathews, Plaintiff, at all times relevant herein, a resident of the City of Mansfield in Richland County, Ohio.

4. Shane Mathews, Plaintiff, at all times relevant herein, a resident of the City of Mansfield in Richland County, Ohio.

5. Michael Garn, Defendant, at all times relevant herein, was employed as a police officer for the City of Mansfield, Ohio, and was acting under color of State law. He is being sued in his individual, as well as official capacity.

6. City of Mansfield, Defendant, is a municipal corporation within the State of Ohio, and at all times relevant herein, and employed Defendant Garn as a police officer.

## JURISDICTION AND VENUE

7. This action it brought pursuant to 42 U.S.C. Sections 1983 and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution and pendent claims arising under and through the laws of the State of Ohio. Venue is appropriate as this cause of action arose in Richland County, and all information and belief all Defendants are within Richland County, Ohio.

## FACTS

8. Plaintiffs incorporate by reference each and every allegations of Paragraphs 1 through 7, as if those allegations were fully rewritten herein.

9. On or about May 2, 2014, Officer Michael Garn of the Mansfield Division of Police was on duty and received a report about a disturbance at a local store.

10. Shortly thereafter, Garn arrived on site and without any investigation arrested and took into custody Ashley on petit theft charge in alleged violation of the City of Mansfield Code 545.05(a)(1).

3

11. While being transported by Officer Garn alone in an official marked cruiser Garn told Ashley: "I can get you out of this but you have to do something for me."

12. As Officer Garn pulled into the garage area of the Richland County Jail he told Ashley: "Think about what I said." This malicious abuse of power and disrespect for members of the community in attempting to take advantage of a mentally impaired person is shocking to the conscience.

13. At the time of the seizure and subsequent detention of Ashley, Officer Garn did not have in his possession any warrant issued by any appropriate authority.

14. Officer Garn acted under color of law in his official capacity to deprive Ashley of her right to freedom from illegal seizure of her person and her right to freedom from unlawful arrest and detention. These rights are guaranteed and secured to Ashley through the Fourth and Fourteenth Amendments of the United States Constitution as these were clearly established as of May 2, 2015.

15. At no time did Officer Garn have probable cause to arrest Ashley.

16. The following Monday, Ashley was released from incarceration, however her liberty interest and that of Shane's were being constantly challenged by the activities and actions of Officer Garn up and until July of 2014.

17. Officer Garn while on duty and off forced Ashley to perform sexual acts on him to avoid her arrest. Ashley was forced to do this involuntary performance while Officer Garn made Shane watch.

18. Officer Garn belittled and berated Shane saying: "I can have and take your wife anytime I want and you cannot do nothing about it."

4

19. At all times relevant to this action, Defendant Garn acted unreasonably, recklessly, negligently, willfully, wantonly, and with deliberate indifference to the safety and rights of both Ashley and Shane.

20. City of Mansfield, Defendant, failed to adequately train Garn on how to interact with citizens that he is entrusted to protect that are afflicted with mental disabilities.

21. City of Mansfield, Defendant, failed to establish safeguards from preventing off duty officers access to the Ohio Law Enforcement Gateway.

22. By not training Officer Garn and restricting his access to the Ohio Law Enforcement Gateway, the policy makers and those responsible for these deficiencies within the City of Mansfield acted negligently, recklessly, wantonly and with deliberate indifference to the safety needs of the citizens of Mansfield, in particular, Ashley and Shane.

23. In October of 2014, Ashley made and filed a complaint against Officer Garn concerning the above allegations and other aspect of his ill-behavior with the Mansfield Police Department.

24. Given the seriousness of Ashley's accusations against Officer Garn, she willingly underwent the rigors of a stress test, and passed the same.

25. In February of 2015 Officer Garn was indicted on 17 counts of unauthorized use of Ohio Law Enforcement Gateway, 14 counts of dereliction of duty, burglary, trespass into a habitation, attempted gross sexual imposition, attempted sexual battery, menacing by stalking, sexual battery, and public indecency.

26. The City of Mansfield had specialized knowledge of Officer Garn's deviant behavior that was not made known to the public. In not disclosing this specialize knowledge this allowed Officer Garn to perpetuate his deviant actions with the threat of no adverse prospective action against him.

27. As a direct and proximate result of the Defendants Officer Garn, and the City of Mansfield, Ashley and Shane suffered physical injury, pain, emotional and psychological trauma, and depression.

28. As further direct and proximate result of the Defendants actions, Ashley's mental disability ancillary symptoms had to and are still being medically treated at an unwelcomed expense.

## COUNT 1

### 42 U.S.C. 1983

29. Plaintiff Ashley Mathews incorporates by reference each and every allegation of Paragraphs 1 through 28 above as though if fully rewritten herein.

30. Defendant, Michael Garn actions were performed under color of law and deprived Ashley of federally protected rights, in violation of Title 42 U.S.C. Section 1983.

31. Defendant, Michael Garn deprived Ashley of her right to be free from unreasonable seizures by falsely arresting her and for invasion of her privacy in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

32. The actions of Defendant, Garn were committed intentionally, maliciously, unreasonable and in a reckless manner.

33. As a direct and proximate result of Defendant Garn's unlawful conduct, Ashley suffered and will continue to suffer economic and non-economic damages for which Defendant Garn is liable including but not limited to mental, emotional, and physical pain and suffering.

34. Ashley is entitled to punitive damages based on Defendant Garn's egregious conduct.

## COUNT 2

## GOVERNMENTAL LIABILITY

35. Plaintiff Ashley Mathews incorporates by reference each and every allegation of Paragraphs 1 through 34 above as though if fully rewritten herein.

36. The City of Mansfield has a duty to insure that its officers are properly monitored and trained to deal with potential constitutional violations as happened herein.

    a. For illustrative purposes, the failure to provide adequate safeguards and monitoring of the Ohio Law Enforcement Gateway to officers for personal use.

37. The City of Mansfield has a duty to insure that its officers are properly trained and supervised in confronting citizens with mental disabilities.

38. Defendant, City of Mansfield is liable for preventable harm caused by the actions of Defendant Garn, because the City of Mansfield had specialized knowledge of the deviant traits of Defendant Garn.

39. As a direct and proximate result of Defendant, City of Mansfield failure to protect Ashley from Defendant Garn's actions, Ashley suffered and will continue to suffer economic and non-economic damages for which Defendant City of Mansfield is liable, including but not limited to mental, emotional, and physical pain and suffering.

## COUNT 3

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff Ashley Mathews incorporates by reference each and every allegation of Paragraphs 1 through 39 above as is fully rewritten herein.

41. Through his actions, Defendant Garn either intended to cause emotional distress or knew or should have known that his actions taken would result in serious emotional distress to Ashley.
42. Defendant Garn's actions in treating and detain a mentally disabled citizen without probable cause was extreme and outrageous.
43. As a direct and proximate result of Defendant Garn's unlawful conduct Ashley suffered and will continue to suffer additional mental anguish of a nature that no reasonable person could be expected to endure it and for which Defendant Garn is liable.
44. Ashley is entitled to punitive damages premised upon Defendant Garn's egregious conduct.

## COUNT 4

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT GARN

## ON BEHALF OF SHANE MATHEWS

45. Plaintiff Shane Mathews incorporates by reference each and every allegation of Paragraphs 1 through 44 above as if fully rewritten herein.
46. Shane was subject to observing Defendant Garn force Ashley to perform sexual acts on him in efforts to avoid arrest.
47. As a direct and proximate result of Defendant Garn's unlawful conduct, Shane suffered and will continue to suffer serious mental anguish for which Defendant Garn is liable.

## COUNT 5

## ASSAULT AND BATTERY

48. Plaintiff Ashley Mathews incorporates by reference each and every allegation of Paragraphs 1 through 47 above as if fully rewritten herein.
49. Defendant Garn, knowingly caused physical harm to Ashley, by forcing her to perform sexual acts on him for his sole benefit. These offensive touchings were unlawful and unwanted.
50. As a direct and proximate result of Defendant Garn's unlawful conduct, Ashley suffered and will continue to suffer economic and non-economic damages for which Defendant Garn is liable, including but not limited to, mental, emotional, and physical pain and suffering..
51. Ashley is entitled to punitive damages premised upon Defendant Garn's egregious conduct.

### COUNT 6

### FALSE ARREST

52. Plaintiff Ashley Mathews incorporates by reference each and every allegation of Paragraphs 1 through 51 above as if fully rewritten above.
53. Defendant Garn deprived Ashley of her liberty interest without legal cause or justification; intentionally and unlawfully falsely arrested Ashley.
54. As a direct and proximate result of Defendant Garn's unlawful conduct, Ashley suffered and will continue to suffer economic and non-economic damages for which Defendant Garn is liable, including but not limited to, mental, emotional, and physical pain and suffering.
55. Ashley is entitled to punitive damages premised upon Defendant Garn's egregious conduct.

### COUNT 7

### NEGLIGENCE AGAINST DEFENDANT GARN

56. Plaintiff Ashley Mathews incorporates by reference each and every allegation of Paragraphs 1 through 55 above as if fully rewritten herein.

57. Defendant Garn owed a duty of care to Ashley at the time of the incidents. In committing the above described acts and omissions, Defendant Garn negligently breached said duty of care, which directly and proximately resulted in injuries and damages to Ashley.

58. As a direct and proximate result of Defendant Garn's unlawful conduct, Ashley suffered and will continue to suffer economic and non-economic damages for which Defendant Garn is liable including but not limited to mental, emotional, and physical pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Ashley Mathews and Shane Mathews, pray for judgment against the Defendants, jointly and severally for:

A. Compensatory and consequential damages for all injuries identified in an amount to be determined by the Court in excess of the Court's jurisdictional amount;

B. Punitive damages in an amount to be determined at trial for the willful and malicious conduct of the Defendant, Garn;

C. Equitable relief such as the City of Mansfield be made to adopt appropriate policy on how to handle citizens with mental disabilities, and to limit access to the Ohio Law Enforcement Gateway system.

D. An award of reasonable attorney fees and the costs of this action; and

E. All other relief in law and equity to which the Plaintiffs are entitled to and that the Court deems just and proper.

A JURY DEMAND IS REQUESTED IN THIS ACTION

Respectfully submitted,

*Byron Corley*

Byron D. Corley, 0077609
22 North Walnut
Mansfield, Ohio 44902
419 524 1361
Attorney for the Plaintiffs